UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALYCIA CLARK, as PERSONAL )<br>REPRESENTATIVE OF THE ESTATE )<br>OF PAUL FRANCIS ARSENEAU, )<br>                                       )<br>        Plaintiff,              )<br>                                       )         Civil No. 06-115-B-W<br>    v.                              )<br>                                       )<br>MONUMENTAL LIFE INSURANCE )<br>GROUP,                            )<br>                                       )<br>        Defendant.          ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

In this civil action the plaintiff, Alycia Clark, as personal representative of the estate of Paul Arseneau, seeks to recover life insurance proceeds from the defendant, Monumental Life Insurance Group. Monumental Life removed this action from Maine Superior Court and has filed a motion to dismiss a negligent misrepresentation claim and a claim brought pursuant to Maine's Unfair Trade Practices Act (UTPA).[1]  I recommend that the Court deny the motion.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint can be dismissed for "failure to state a claim upon which relief can be granted."  When deciding a motion to dismiss, the court must "accept as true the well-pleaded factual allegations of the

---

[1] The state court complaint does not set forth the amount in controversy. In its notice of removal, Monumental Life represents that "it is believed that the amount in controversy exceeds $75,000." (Docket No. 1.) The plaintiff needs to set forth the basis for this Court's jurisdiction on the docket, ideally by means of an amended complaint, before the period for objecting to this recommendation has run and the motion is before Judge Woodcock for his ruling. See, e.g., Cablevision, Inc. v. Public Improvement Comm'n, 184 F.3d 88, 100 (1st Cir. 1999) ("[I]nitial consideration [must] be given to the existence of Article III standing, where such standing is in doubt."). Problems with appellate justices can sometimes arise if these matters are not ironed out initially.  See, e.g., Smoot v. Mazda Motors of Am., Inc., ___ F.3d___, No. 05-4577, 2006 U.S. App. LEXIS 29292, 2006 WL 3423140 (7th Cir. Nov. 29, 2006) (chastising counsel on appeal for failure to provide jurisdictional statement in a diversity case) (Evans, J., dissenting from the rebuke).

complaint, draw all reasonable inferences . . . in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." TAG/ICIB Servs., Inc. v. Pan Am. Grain Co., Inc., 215 F.3d 172, 175 (1st Cir. 2000).  "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." Greenier v. Colgan Air, Inc., 295 F. Supp. 2d 123, 124 (D. Me. 2003).  Federal Rule of Civil Procedure 8(a)(2) requires no more from a complaint than a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Ms. Clark alleges that Mr. Arseneau entered into a life insurance agreement with Monumental Life on May 12, 2004, and that Mr. Arseneau faithfully paid his premiums until his death on December 24, 2004.  According to the complaint, Mr. Arseneau's death was accidental and his estate is entitled to life insurance proceeds from Monumental Life, which has thus far refused to satisfy any claim made on the policy. (Compl. ¶¶ 1-8, Docket No. 1, Elec. Attach. 1.) In addition to a straight forward breach of contract claim, Ms. Arseneau alleges that Monumental Life misrepresented to Mr. Arseneau the terms[2] under which it would afford insurance proceeds in the event of his death. (Id. ¶¶ 13-17.)  Based on these alleged misrepresentations, Ms. Clark asserts as her second and third counts claims for negligent misrepresentation and unfair or deceptive trade practices, respectively.

Monumental Life argues that the second count should be dismissed because the allegations are not sufficient to state a claim for negligent or intentional infliction of emotional distress. (Def.'s Mot. to Dismiss at 1, Docket No. 9.)  Ms. Clark's complaint plainly states that count two is a claim of negligent misrepresentation, not an emotional distress claim as suggested

---

[2]  I paraphrase the complaint here, which simply states that Monumental Life "made intentional misrepresentations to Mr. Arseneau by agreeing to provide Mr. Arseneau with a life insurance policy and to pay benefits in the event of his death." (Compl. ¶ 14.)

by Monumental Life. Because the motion to dismiss mischaracterizes the claim and does not address the claim for what it is, I recommend that the Court deny the motion to dismiss with respect to count two.

Monumental Life argues that the third count should be dismissed because the UTPA does not apply to disputes arising out of contracts of insurance. (Id. at 2.) The UTPA is a consumer protection statute that prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 5 M.R.S.A. § 207. It affords private remedies for those who are harmed by unfair or deceptive trade practices in relation to the purchase or lease of goods, services or property for personal, family or household purposes. Id. § 213. Pursuant to section 208 of the UTPA, the UTPA does not apply to "[t]ransactions or actions otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of the State or of the United States." 5 M.R.S.A. § 208(1). For this exemption to apply in this case, Monumental Life's determination of the plaintiff's claim for life insurance proceeds—the activity from which the plaintiff's claim arises—would have to be "otherwise permitted" under laws administered by a regulatory agency. The business of transacting insurance in the State of Maine must be authorized "by a subsisting certificate of authority issued by the superintendent [of insurance]." 24-A M.R.S.A. § 8. Transacting insurance includes the "transaction of matters subsequent to effectuation and arising out of [an insurance] contract." Id. § 9(4). In other words, assuming that the insurance company holds a "subsisting certificate of authority," its administrative determination of a claim for insurance proceeds is an activity that is, in the language of section 208(1) of the UTPA, "otherwise permitted under laws as administered by [an] officer acting under statutory authority of the State," i.e., the superintendent of insurance. The Maine Insurance Code comprehensively

3

subjects the transacting of insurance to regulatory oversight and conditions the transacting of insurance on the existence of prior state authorization to do so.  Accordingly, section 208(1) of the UTPA prevents disputes arising out of claims-handling practices from giving rise to any liability for damages, costs or fees under the UTPA, provided, of course, that the defendant has been permitted by the superintendent to engage in such practices.[3]  5 M.R.S.A. § 208(1); cf. First of Me. Commodities v. Dube, 534 A.2d 1298, 1302 (Me. 1987) ("Because by statute the Maine Real Estate Commission extensively regulates brokers' activities, including the execution of exclusive listing agreements, such activities fall outside the scope of Maine's Unfair Trade Practices Act . . . ."); Wyman v. Prime Discount Sec., 819 F. Supp. 79, 87 (D. Me. 1993) ("The sale of securities in interstate commerce is permitted only under the rules and regulations promulgated pursuant to the Securities Exchange Act of 1934.  Thus, in the case at bar, the conduct at issue was clearly subject to licensure, was, in fact, licensed, and is clearly subject to both federal and state regulation.  As such, it falls within the exemption provision of Maine's Unfair Trade Practices Act.") (statutory citation omitted) (Carter, J.); Keatinge v. Biddle, Civ. No. 99-321-P-H, 2000 U.S. Dist. LEXIS 7989, *1-2, 2000 WL 761015, *1 (D. Me. 2000) ("Lawyers are not subject to the [UTPA] because they are already extensively regulated under Maine law.") (Hornby, J., unpublished order).[4]  At present, the legal point raised by Monumental Life appears very likely to require a judgment in its favor on count three.  However, the existing

---

[3]     The Maine Insurance Code itself prohibits unfair and deceptive practices in the transacting of insurance. 24-A M.R.S.A. §§ 2151, 2164-D.  It also affords a private right of action for unfair claims settlement practices, including for "[k]nowingly misrepresenting to an insured pertinent facts or policy provisions relating to coverage at issue" and for, "[w]ithout just cause, failing to effectuate prompt, fair and equitable settlement of claims . . . in which liability has become reasonably clear."  Id. § 2436-A(1)(A) & (E).

[4]     Two Justices of the Maine Superior Court have addressed the question in the insurance context, but they have reached opposite conclusions.  See OsGood v. C.U. York Ins. Co., 2006 Me. Super. LEXIS 136, *16 n.10, 2006 WL 1980396, *5 n.10 (declining to enter judgment against a UTPA claim because the insurer "did not provide any statutes or regulations that regulate the investigation process or procedures involved in a fire insurance claim"); Lessard v. Allstate Ins. Co., 2001 Me. Super. LEXIS 36, *10-11, 2001 WL 1712653, *4 ("[I]nsurance companies' practices are exempt from the UTPA.").  The difference may turn simply on evidentiary matters or on a difference in opinion as to the proper construction of the "otherwise permitted" language of section 208(1).

allegations do not establish that Monumental Life was permitted to transact insurance in Maine. Because the Court is restricted to the facts set forth in the plaintiff's complaint, and because it therefore does not appear "beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief," I recommend that the Court deny the motion with respect to count three as well.

## Conclusion

For the reasons set forth above, I RECOMMEND that the Court DENY the defendant's motion to dismiss counts two and three of the plaintiff's complaint (Docket No. 9.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated: December 5, 2006